**RECORD NO. 13-4432**

In The
# United States Court of Appeals
### For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee*,

v.

**TYRONE JOHNIKEN**
**a/k/a Hassan Muhammed, a/k/a Roland,**

*Defendant – Appellant*.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND AT BALTIMORE

## REPLY BRIEF OF APPELLANT

Jonathan A. Gladstone
LAW OFFICES OF JONATHAN GLADSTONE
113 Ridgely Avenue
Annapolis, Maryland 21401
(410) 974-6903

*Counsel for Appellant*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

OBJECTION REGARDING APPELLEE'S
SUPPLEMENTAL APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

APPELLANT PROPERLY MADE AND
PRESERVED HIS OBJECTIONS AT TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . 2

THE FURTHERANCE OF THE CONSPIRACY REQUIREMENT FOR
HEARSAY ADMISSION WAS NEVER MET . . . . . . . . . . . . . . . . . . . . . . . . . 3

THE UNAVAILABILITY REQUIREMENT FOR
HEARSAY ADMISSION WAS NEVER ADDRESSED OR MET . . . . . . . . . . 3

THE ERROR WAS NOT HARMLESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

## TABLE OF AUTHORITIES

Page(s)

CASES

<u>United States v. Brainard</u>,
    690 F.2d 1117 (4th Cir. 1982) .................................. 4

<u>United States v. Thomas</u>,
    571 F.2d 285 (5th Cir. 1978) ................................... 4

RULE

Fed. R. Evid. 804(a)(1) ............................................. 3

OBJECTION REGARDING APPELLEE'S SUPPLEMENTAL APPENDIX

Appellant did not object to Appellee asking the court for permission to supplement the appendix, although Appellant conditioned that consent on a reservation of the argument that the items sought to be included were not properly part of the record in this case.

Appellee appears to be arguing that the court grounded its decisions in this case on things learned in proceedings in other defendants' cases.

In addition, Appellee supplemented it own supplement by supplying what can only be classified as testimony in its brief. Appellee noted that Appellant's trial attorney characterized Appellant's alibi as "bogus" in his opening statement, although there is nothing in the record to support that. (Appellee's brief at 8)[1] Appellee also "testified" in its brief that Appellant's counsel was present at co-defendant Baker's plea, although there is nothing in the record to support that claim. There is also nothing in the record to indicate when Baker entered his plea.

While the effort to admit these items shows that the government felt compelled to go outside the record to support its case, it is not clear what is the purpose of this effort. Is the government arguing that the court based its

---

[1] The undersigned was not trial counsel and cannot comment on the truth of this averment by Mr. Harding in that the transcript of opening statements was not produced.

1

evidentiary decisions on this developments which took place outside of the record of this case? Is the government trying to demonstrate to this court that's there's lots more evidence to support the conviction in support of its harmless error argument?

Appellant urges this court to disregard the Appellee's supplemental appendix in that its contents are not drawn from the record in this case. In addition, there is no indication that the court relied on these outside matters and no basis for concluding that it would have been proper to do so.

Certainly these entries would have been testimonial in nature, and principles of the right to confrontation would have been invoked. Perhaps this is why the government claims that Appellant's attorney was present in the courtroom at the time of Baker's plea, as if his mere presence somehow satisfied any right to participate and confront.

## APPELLANT PROPERLY MADE AND PRESERVED HIS OBJECTIONS AT TRIAL

The record clearly demonstrates that Appellant clearly pursued his objections to the disputed testimony. The trial court even granted Appellant's attorney a continuing objection to a challenged line of questioning. There is no basis for concluding that these objection were somehow waived and that only

"clear error" would justify intervention. Appellant clearly made and preserved his objections. (JA at 647)

## THE FURTHERANCE OF THE CONSPIRACY REQUIREMENT FOR HEARSAY ADMISSION WAS NEVER MET

Appellee states that the trial court "properly concluded that Baker was not only befriending Taylor but trying to absorb Taylor into his criminal scheme by impressing him with its wealth and viciousness. JA 275". (Appellee Brief at 28) Looking at the cited page in the Joint Appendix, page 275, nothing like that can be found. It is clear that there is no support for claiming that the court made any specific finding of a basis for concluding that the statements were in furtherance of the conspiracy.

The government's rationale leads to the conclusion that any conversation Baker had with anyone would be admissible as "in furtherance of the conspiracy" if any observer could concoct any theory under which it could somehow maybe be helpful at some point in time. There has to be something more that what a fertile imagination can conceive. And there isn't that in this case.

## THE UNAVAILABILITY REQUIREMENT FOR HEARSAY ADMISSION WAS NEVER ADDRESSED OR MET

Regarding unavailability of a witness, which is a requirement for the declaration against interest hearsay exception, the government is asking this court to lower the bar and effectively erase the requirement in Rule 804(a)(1) that

3

unavailability applies when the witness "is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of the declarant's statement."

In its brief, the Government relies on <u>United States v. Thomas</u>, 571 F.2d 285 (5th Cir. 1978) for the proposition that unavailability is easy to establish. But the <u>Thomas</u> case has no applicability here. That case involved statements of co-defendant Weeks, who was on trial with Thomas. In that case, the court concluded that it appears that Weeks was exercising his privilege in light of his decision not to take the stand **at his own trial**. This wasn't Baker's trial. He wasn't in a position to refuse to be called as a witness, although he could have asserted his privilege had he been called. But, that never happened.

Both Appellee and Appellant agree that, in this circuit, the lowest hurdle to be cleared to establish unavailability was detailed in <u>U.S. v. Brainard</u>, 690 F.2d 1117 (4th Cir. 1982). In that case, the court upheld a finding of unavailability when the declarant's attorney told the court that he would assert the privilege, and the court indicated that the assertion would be respected. "The attorney's representation that Moss would claim the privilege, and the district court's statement that the privilege would be available, suffice to constitute Moss an "unavailable witness." *Id.* at 1123-24. Appellant asks this court not to accept the

4

government's suggestion and adopt a new and lower minimum requirement for showing unavailability.

It appears from the record that the unavailability issue was never expressly addressed in determining admissibility of the statements. Appellant noted in his opening brief that the government did not include unavailability when it listed the elements needed for this exception in its motion. (JA at 260) In its brief Appellee states that it didn't need to include that element because everyone knows it's there, and the government was free to assume that the court was familiar with that provision without the government including it in its recitation of the elements. (Appellee brief at 32-33) Nonetheless, the record does not reflect that the court considered that element or made any findings regarding whether it had been met.

## THE ERROR WAS NOT HARMLESS

Appellant maintains that the statements attributed to Baker and testified to by Taylor are key evidence tying Appellant to the killing. Without that, the connection is far more tenuous and establishing Appellant's responsibility for the killing a lot less likely. The testimony regarding statements by victim are similarly important. The government's backup argument is that this testimony is far from central in this case. The "harmless error" argument rests on a claim that there is so much other evidence to support the conviction that the conviction should stand even if this court were to find that the court erred in admitting the testimony.

5

But the government has muddied its argument by injecting proffered evidence from outside the record of this case. Certainly the statements of the co-defendants in conjunction with their pleas shouldn't be considered in weighing the evidence in support of conviction when those statements are not part of the record in this case.

## CONCLUSION

For the foregoing reasons and upon the foregoing authority, the Appellant renew his requst that this Court vacate the conviction and remand the case for further proceedings.

BY
/s/ Jonathan A. Gladstone
Jonathan A. Gladstone
ATTORNEY AT LAW
113 Ridgely Avenue
Annapolis, MD  21401
(410) 974-6903

*Counsel for Appellant*
TYRONE JOHNIKEN

6

CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*1,234*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [  ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Corel WordPerfect 12*] in [*14pt Times New Roman*]; *or*

   [  ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


   Dated: <u>April 8, 2014</u>                    <u>/s/ Jonathan A. Gladstone</u>
                                                  *Counsel for Appellant*

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 8th day of April, 2014, I caused this Reply Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

>Robert R. Harding
>Joshua L. Kaul
>Rod J. Rosenstein
>OFFICE OF THE U.S. ATTORNEY
>36 South Charles Street, 4th Floor
>Baltimore, Maryland  21201
>(410) 209-4845
>
>*Counsel for Appellee*

I further certify that on this 8th day of April, 2014, I caused the required copies of the Reply Brief of Appellant to be hand filed with the Clerk of the Court.

>/s/ Jonathan A. Gladstone
>*Counsel for Appellant*